Approved by
Judge Love at 4:28 pm, 6/29/06

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| WILLIS FLOYD WILEY #753383 | § | |
| v. | § | CIVIL ACTION NO. 6:05cv442 |
| NEAL WEBB, ET AL. | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT</u>

The Plaintiff Willis Wiley, proceeding *pro se*, filed this lawsuit complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Wiley complained of incidents which occurred between May and September of 2005. He filed his lawsuit in November of 2005. On May 10, 2006, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge observed that Wiley had previously filed at least three lawsuits or appeals which had been dismissed as frivolous or for failure to state a claim upon which relief could be granted, and so he is subject to the "three strikes" bar of 28 U.S.C. §1915(g). As a result, Wiley cannot proceed *in forma pauperis*, but must pay the full filing fee to file his lawsuit, unless he shows that he is in imminent danger of serious physical injury as of the time of the filing of the lawsuit. *See* <u>Banos v. O'Guin</u>, 144 F.3d 883, 885 (5th Cir. 1998). Because Wiley did not meet any of these criteria, the Magistrate Judge recommended that the lawsuit be dismissed.

Wiley filed objections to the Magistrate Judge's Report on May 25, 2006. In his objections, Wiley says first that on May 16, 2006, several prison officials, including some of the Defendants in this case, confiscated his legal material, including the Magistrate Judge's Report, and

1

threw it away. He does not explain how this is relevant to the present case, all of which occurred prior to the incident described.

Next, Wiley complains that he filed a lawsuit in the Southern District of Texas, and he was granted leave to proceed *in forma pauperis* there. He says that the claims in the present lawsuit, which were brought in the case in the Southern District, were dismissed without prejudice so that he could pursue them in the Eastern District. None of these allegations, even if true, change the fact that Wiley has three strikes and did not pay the filing fee or show that he is in imminent danger of serious physical injury in the present case.

Finally, Wiley asserts that he alleged that his life was in imminent danger, but the Magistrate Judge did not hold a fact-finding hearing or other type of evidentiary hearing. The record shows that Wiley simply made a vague and conclusory allegation that "his life is being place in immediately danger," without offering any specific facts to show such danger, nor did he explain how incidents occurring several months earlier placed him in imminent danger as of the time of the filing of the lawsuit. The Magistrate Judge properly determined that under longstanding Fifth Circuit precedent, civil rights claimants are required to state specific facts, not conclusory allegations. Wiley's conclusory allegations are not sufficient to set out a showing of imminent danger; inmates with three strikes cannot simply make bald allegations, unsupported by specific facts, to overcome the statutory bar. *See, e.g.*, White v. Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998) (conclusory allegations of imminent danger are not sufficient); Martin v. Shelton, 319 F.3d 1048, 1049 (8th Cir. 2003) (same); Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cor. 2004) (same). Wiley's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings and documents in this cause, as well as the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's *in forma pauperis* status is hereby REVOKED and the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the full filing fee. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 6th day of July, 2006.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE